### PEOPLE ex rel. CONNOLLY v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

MUNICIPAL CORPORATIONS—POLICEMEN—REMOVAL—NOTICE AND HEARING—NECESSITY—ADEQUACY.

Relator, a police officer, having been charged with neglect of duty in being absent from roll call, and served with copies of the charges and notice to appear, did not appear on the date of the hearing, and another charge was preferred against him for his failure to appear and answer. When he did appear he pleaded "not guilty" to the last charge, and the hearing was subsequently continued in private by conversation with the commissioner. No witnesses were sworn or evidence taken at either of the dates fixed for hearing, and the only evidence before the commissioner of the service of the charges was an oral statement by a police sergeant that service was made. *Held*, that there was no legal proof that plaintiff was served with notice of the charges, and his dismissal on the first two charges was without adequate trial and unlawful.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 498.]

Certiorari by the people, on the relation of John Connolly, against Theodore A. Bingham, as police commissioner, to review a determination of respondent in dismissing relator from the police force. Proceedings annulled, and relator reinstated.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis J. Grant, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J.  Certiorari to review the action of the police commissioner of the city of New York in removing the relator from the police force.  Several charges were preferred against the relator; the first on November 10, 1906, for neglect of duty, and the specifications were to the effect that he was absent from return roll call at 12:20 a. m. November 2, 1906, and reserve from 12:20 a. m. to 6 a. m., same date.  The second was on November 10, 1906, which was also for neglect of duty, the specifications of which were that he was absent from 6 a. m. roll call November 3, 1906, and did not report for duty until 6:20 a. m. the same date, during his tour of patrol duty from 6 a. m. to 8 a. m.  Copy of each charge and the specification, together with a notice that he would be required to answer said charges in accordance with the rules and regulations of the police force, were served upon him, together with a notice that such charges would be publicly examined into by the police commissioner or a deputy police commissioner at a place named on the 22d of November, 1906, at 10 o'clock a. m., and continued as directed until the proceedings were concluded. Other charges were also preferred against him, which were noticed for a hearing on the same day; but it is unnecessary to consider these, because he was removed on the ground that the police commissioner found him guilty of the first and second charges only.

At the time and place fixed for the hearing the relator did not appear.  A deputy commissioner, however, was present for the purpose of conducting the hearing, and from a conversation which he had with the sergeant it appeared that copy of the charges, together with the specifications and notices of hearing, had been served upon the relator, though no proof whatever was made of that fact, other than the oral statement of the sergeant.  The relator having failed to appear, another charge was preferred against him, the specification of which was that he had failed to appear on the 22d of November at the time and place stated, and had failed to answer the charges then pending against him, and copy of this charge, with the specification, together with a notice of hearing for December 6, 1906, were served upon him, though no proof of that fact was given, other than what purports to be an admission of proof of service of such papers.  The relator failed to appear on December 6th, and then charges were preferred against him for neglect of duty in failing to appear on that day and answer the charges pending against him, and notice of a hearing of this charge was given for the 20th of December, 1906, at 10 o'clock a. m., and on that day the relator did appear.  The charge was read to him, and he pleaded "not guilty."  The deputy commissioner then asked him, "What about the complaints that were against you?"  to which the relator responded, "I will tell you as regards them, if you please."  And then, according to the record, "the hearing was thereupon laid over and subsequently continued in private," when a conversation took place between the relator (in which he sought to excuse his failure to appear), the deputy commissioner, and a captain of the force.  No witnesses were sworn and no evidence whatever taken.  A few days thereafter the deputy commissioner found the relator guilty of the charge and recommended that he be sentenced to forfeit five days' pay.  The proceeding was referred to the police commissioner for final determina-

tion, and he found the relator guilty of the first and second charges. made against him, disapproved of the recommendation made by the deputy police commissioner, and sentenced the relator to be dismissed from the police force.

If a hearing afforded to a member of the police force of charges which have been made against him amounts to a matter of form only, then it is possible the dismissal of this officer can be justified; but if it is, as has been generally supposed, to ascertain the truth of the charges by a proceeding in a way recognized by law, then it must be obvious from the foregoing statement of facts that the relator was improperly removed. He never was tried on the first and second charges, of which he was found guilty; nor was there even the semblance of a trial of such charges. Indeed, there was no legal proof before the commissioner that a copy of such charges and specifications and notice of hearing were ever served upon the relator. The only pretense of a trial was what took place on the 20th of December. The charge made against the relator and noticed for trial that day was his failure to appear for trial on December 6th. When he appeared and was informed of the charge against him, he pleaded "not guilty." Before he could be removed, having entered this plea, some proof had to be offered tending to establish his guilt. Not a single witness was sworn, nor was any proof whatever offered. All that took place was that above stated, which was a conversation between the relator, the deputy commissioner, and a police captain. The relator, as already said, had pleaded "not guilty" of the charge, and sought to excuse himself on the ground of sickness, and in the absence of any evidence whatever to the contrary the excuse offered did not amount to an admission of guilt; but, if it did, it is of no importance, because the police commissioner removed him, not because he was guilty of this charge, but of two others which had not been investigated.

Unless we are to hold that when charges are preferred against a police officer, copy of which and specifications are served with notice of hearing, that dispenses with a trial, then I do not see how the action of the police commissioner can be sustained. I am not yet prepared to go to that extent.

The proceeding must be annulled, and the relator reinstated, with costs. All concur.